**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY WHITE, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1282 RLW |
| | ) | |
| CW BROWN HOLDINGS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (ECF No. 11). The Court will grant the motion for the reasons below.

### Background

This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. (ECF No. 1). In his Complaint, Plaintiff alleged that Defendant CW Brown Holdings LLC—the owner, lessor, and/or operator/lessee of the Wingstop restaurant located at 3626 S. Grand Boulevard, St. Louis, Missouri 63118—violated Title III of the ADA and the ADA's Accessibility Guidelines by failing to provide facilities that were accessible to Plaintiff. *Id.* Plaintiff asserted that he is an individual with a disability as defined by the ADA and that he requires a wheelchair to ambulate due to his substantial inability to walk and stand. *Id.*

Plaintiff served Defendant with a copy of the summons and Complaint on January 6, 2023. (ECF No. 5). Defendant did not answer or otherwise respond to Plaintiff's Complaint. Plaintiff then moved for entry of default against Defendant, which the Clerk of Court granted on April 4, 2023. (ECF No. 8). Two days later, Plaintiff moved for default judgment on his claims for injunctive relief and attorney's fees. (ECF No. 9). On April 28, 2023, the Court granted Plaintiff's

motion as to injunctive relief but denied his request for attorney's fees because Plaintiff did not specify a specific sum. (ECF No. 10). The Court gave Plaintiff until May 29, 2023, to file a renewed request for fees with all necessary supporting documentation. *Id.* The present motion followed.

**Discussion**

The ADA authorizes this Court, in its discretion, to award reasonable attorney's fees to a prevailing party. 42 U.S.C. § 12205; *Schrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997). A "prevailing party" is one who obtains "at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (citing *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id.* (citing Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

Plaintiff seeks attorney's fees in the amount of seven thousand five hundred sixty-five dollars ($7,565.00). (ECF No. 12). Plaintiff has submitted a detailed invoice and affidavit from counsel, which reflect the following hours and rates:

|  | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| Michelle M. Funkenbusch | 9.5 | $450.00 | $4,275.00 |
| James E. Klenc | 3.7 | $450.00 | $1,665.00 |
| Paralegal/Contract/Pre-Trial Site Inspector | 6.5 | $250.00 | $1,625.00 |
|  |  | **Total:** | **$7,565.00** |

(ECF Nos. 11-1, 11-3). Plaintiff also submitted billing data from Missouri Lawyers Media to support her counsel's hourly rate of $450. (ECF No. 11-2). Plaintiff's attorney asserts that she has exercised reasonable judgment to exclude hours "that were not absolutely necessary, were duplicated by other attorneys, or are not adequately documented." (ECF No. 11-3).

The Court has carefully scrutinized Plaintiff's supporting documentation and finds that counsel's rate and the hours expended are reasonable. In recent years, this Court has frequently found rates as high or higher than those sought here to be reasonable for the St. Louis market. *See Willson v. City of Bel-Nor, Missouri*, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *6 (E.D. Mo. June 3, 2021) (citing cases). Further, there is nothing in the record to suggest that counsel's hours were excessive, redundant, or otherwise unnecessary. Counsel's invoice reflects tasks and hours commensurate with the nature of this case. (ECF No. 11-1).

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion for Attorney's Fees. (ECF No. 11).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 11) is **GRANTED** as requested.

**IT IS FURTHER ORDERED** that no later than **September 19, 2023**, Plaintiff may file a motion to recover reasonable attorney's fees and costs associated with the enforcement of the judgment in this action.

An appropriate judgment will issue separately.


_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 21st day of June, 2023.